```
Priority    X
Send        ___
Enter       ___
Closed      X
JS-5/JS-6   ___
JS-2/JS-3   ___
Scan Only   ___
```



FILED
CLERK U.S. DISTRICT COURT
JUN 21 2002
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION    BY DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE WOOLEY and ROCHELLE EDWARDS, <br><br> Plaintiffs, <br><br> v. <br><br> JACK IN THE BOX RESTAURANTS; FOODMAKER INC.; KEN KAREN; TERI SWINEY; RONALD ATKINSON; AND DOES 1-100, <br><br> Defendants. | Case No. EDCV 01-00189-VAP(SGLx) <br><br> ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES <br><br> **[Motion filed on April 30, 2002]** |

## I. BACKGROUND

Plaintiffs' action was tried to a jury commencing March 26, 2002; the jury returned verdicts as to both Plaintiffs on April 5, 2002. The jury found in favor of Plaintiff Steve Wooley ("Wooley") on the following claims: (1) racial discrimination, in violation of Title VII, against Defendant Jack in the Box Restaurants ("Jack in the Box"); (2) racial discrimination, hostile work environment and retaliation in violation of the

ENTER ON CMS
JUN 21 2002



California Fair Employment and Housing Act ("FEHA"), against Defendants Jack in the Box, Ken Karen ("Karen") and Teri Swiney ("Swiney"); and (3) intentional infliction of emotional distress, against Defendants Jack in the Box, Karen, and Swiney. The jury awarded $100,000 to Wooley on his Title VII claim, and awarded him $50,000.00 against Jack in the Box, $30,000.00 against Karen, and $15,000.00 against Swiney on the other claims.

The jury found in favor of Plaintiff Rochelle Edwards ("Edwards") on the following claims: (1) racial discrimination, in violation of FEHA, against Defendant Jack in the Box; and (2) hostile work environment, against Defendants Jack in the Box, Karen, and Swiney. The jury found against Plaintiff Edwards and in favor of Defendants on her claims for retaliation, intentional infliction of emotional distress, and battery; the jury also found against Plaintiff Edwards and in favor of Defendant Ronald Atkinson ("Atkinson") on Plaintiff Edwards' claim for hostile work environment. The jury awarded Plaintiff Edwards $20,000.00 in damages against Defendant Jack in the Box, $5,000.00 against Defendant Karen, and $5,000.00 against Defendant Swiney.

The jury also found individual defendants Karen and Swiney liable for punitive damages, and in a second phase of the trial awarded Plaintiffs $7,500.00 in punitive

damages against Karen, and $2,500.00 in punitive damages against Swiney. On June 12, 2002, Plaintiffs filed a stipulation agreeing the punitive damages awards should be allocated evenly between them.

In an Order dated and issued concurrently herewith, the Court partially granted a Motion by Defendants under Federal Rule of Civil Procedure 50(b) for Judgment as a Matter of Law. By its Order, the Court entered judgment as a matter of law (1) in favor of Defendant Jack in the Box on Plaintiff Edwards' FEHA discrimination claim, and (2) in favor of Defendant Karen on Plaintiff Edwards' (a) claim against him for hostile work environment, and (b) punitive damages claim. As a result, the jury's verdict as to Plaintiff Edwards was reduced by a total amount of $8,750. [See Order (1)Granting in Part and Denying in Part Defendants' Motions for Judgment as a Matter of Law and (2) Denying Defendants' Motion for New Trial dated June 21, 2002.]

Plaintiffs filed this Motion for Attorneys' Fees and Costs ("Pls.' Mot."), along with supporting declarations, on April 30, 2002. Defendants filed Opposition ("Defs.' Opp'n") with supporting declarations on May 24, 2002. Plaintiffs filed a Reply (Pls.' Reply") on June 3, 2002. The Court, having read and considered all papers filed in support of and in opposition to the Motion, and having heard and considered the arguments of counsel at the

1 hearing on June 10, 2002, hereby grants the Motion in
2 part, and awards Plaintiffs attorneys' fees of
3 $160,293.44.
4
5                 **II. LEGAL STANDARD**
6     A prevailing party (other than the United States) in
7 a Title VII action is entitled to reasonable fees and
8 costs. 42 U.S.C. § 2000e-5(k). This fee-shifting
9 provision is designed to make it attractive for counsel
10 to take discrimination cases, thereby providing access to
11 the courts and achieving enforcement of the statute.
12 Blanchard v. Bergeron, 489 U.S. 87, 95-96 (1989). Once a
13 court determines that an applicant is a prevailing party
14 who should be awarded attorneys' fees, it must next
15 determine what fees are reasonable. Hensley v.
16 Eckerhart, 461 U.S. 424, 433 (1983). The case law
17 addressing reasonable fees under 42 U.S.C. § 1988 applies
18 to fee awards under Title VII as well. Id. at 433 n.7
19 (guidelines set forth for determining reasonable
20 attorneys' fees in that case applicable to all cases in
21 which Congress has authorized attorneys' fees award to
22 prevailing party).
23
24     Plaintiffs also brought claims under California's
25 Fair Employment and Housing Act. FEHA, too, expressly
26 authorizes an award of attorney's fees: "[i]n actions
27 brought under this section, the court, in its discretion,
28 may award to the prevailing party reasonable attorney's

fees and costs...." CAL. GOV'T CODE § 12965(b). Under FEHA, a prevailing party ordinarily should be awarded attorney's fees "unless special circumstances would render an award unjust." Stephens v. Coldwell Banker Commercial Group, Inc., 199 Cal. App. 3d 1394, 1405 (1988), disapproved on other grounds by White v. Ultramar, Inc., 21 Cal. 4th 563 (1999). Moreover, "[b]ecause the statutory provisions of Title VII and the FEHA possess identical objectives and public policy considerations, California courts refer to federal decisions when interpreting analogous provisions of the FEHA." Jenkins v. MCI Telecomms. Corp., 973 F. Supp. 1133, 1136 n.5 (C.D. Cal. 1997)(citing Greene v. Pomona Unified Sch. Dist., 32 Cal. App. 4th 1216, 1222 n.6 (1995)).[1]

The district court must "calculate an award of attorneys' fees by first calculating the 'lodestar.'"

---

[1] Plaintiffs also cited California Code of Civil Procedure §1021.5 as a basis for attorneys' fees. [Pls.' Mot. at 2.] Its application is not appropriate, however, in this case. The purpose of this section is to "provide some incentive for the plaintiff who acts as a true private attorney general, prosecuting a lawsuit that enforces an important public right and confers a significant benefit, despite the fact that his or her own financial stake in the outcome would not by itself constitute an adequate incentive to litigate." Weeks v. Baker & McKenzie, 63 Cal. App. 4th 1128, 1170 (1998) (disallowing §1021.5 fees in sexual harassment case) (quoting Flannery v. California Highway Patrol, 61 Cal. App. 4th 629, 635 (1998)). "Section 1021.5 was not designed as a method for rewarding litigants motivated by their own pecuniary interests who only coincidentally protect public interest." Id.

Caudle v. Bristow Optical Co., Inc., 224 F.3d 1014, 1028 (9th Cir. 2000) (citation omitted). The Court determines the 'lodestar' amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. Id.; McGrath v. County of Nevada, 67 F.3d 248, 252 (9th Cir. 1995) (citing Hensley, 461 U.S. at 433. Next, the Court must decide whether to adjust the 'presumptively reasonable' lodestar figure based upon the factors listed in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69-70 (9th Cir. 1975), cert. denied, 425 U.S. 951 (1976), that have not been subsumed in the lodestar calculation.[2] Caudle, 224 F.3d at 1028-29.

In determining a reasonable number of hours, the Court must examine detailed time records to determine whether the hours claimed are adequately documented and

---

[2] Kerr was decided before the lodestar approach was adopted by the Supreme Court in Hensley, 461 U.S. at 433 as the starting point for determining reasonable fees. In Kerr, the Ninth Circuit adopted the 12-factor test articulated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974); this analysis identified the following factors for determining reasonable fees: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

whether any of them are unnecessary, duplicative, or excessive. Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986), reh'g denied, amended on other grounds, 808 F.2d 1373 (9th Cir. 1987) (citing Hensley, 461 U.S. at 433-34). To determine a reasonable rate for each attorney, the Court must look to the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation. Id. at 1210-11 (citing Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)).

To the extent that the Kerr factors are not addressed in the calculation of the lodestar, they may be considered in determining whether the fee award should be adjusted upward or downward, once the lodestar has been calculated. Id. at 1212 (citing Hensley, 461 U.S. at 434). There is a strong presumption that the lodestar figure represents a reasonable fee. Jordan v. Multnomah County, 815 F.2d 1258, 1262 (9th Cir. 1987) (citing Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986)). An upward adjustment of the lodestar is appropriate only in extraordinary cases, such as when the attorneys faced exceptional risks of not prevailing or not recovering any fees. Chalmers, 796 F.2d at 1212. See also Blum, 465 U.S. at 903 (Brennan, J., concurring); Hensley, 461 U.S. at 448 (Brennan, J., concurring in part, dissenting in part).

## III. DISCUSSION

Plaintiffs' Motion seeks $588,635.00 in attorneys' fees and costs. [Pls.' Mot. at 1.] This amount is composed of 1,189 hours at rates ranging from $50.00 to $500.00 per hour, totaling $294,317.50, to which Plaintiffs seek a multiplier of two. In the Reply, Plaintiffs request another $56,000.00 in fees, consisting of 80 hours charged at $350.00 per hour, again with a multiplier of two applied. [Pls.' Reply at 1.] (In its discussion below, the Court refers to the amounts sought before application of any multiplier).

In support of the fee request, Plaintiffs submit copies, partially redacted, of the time sheets kept by certain members of the firm. [Pls.' Mot. Exs. 11-17.] They also submit Declarations from Bradley Gage, Terry Goldberg, Burton Katz, Kitamu Bilal, Aslan Khodorovsky, Stephen Love, Robert L. Booker II, and Brian Zayas. [Pls.'s Mot. Exs. 3-10.]

### A. Reasonable Hourly Rates

The Court has reviewed the declarations of the billing professionals listed above, and considered the experience and expertise of each. It finds that the reasonable hourly rates are as follows:

| | |
|---|---|
| Bradley Gage: | $350.00 |
| Kitamu Bilal: | $175.00 |

1     Aslan Khodorovsky    $125.00

2     Robert L. Booker    $ 75.00

3     Brian Zayas    $ 75.00

5     Defendants do not challenge the hourly rates for Ms.
6 Bilal nor for Messrs. Khodorovsky, Booker, and Zayas.
7 They do attack the hourly rate of $350.00 charged by Mr.
8 Gage. [Defs.' Opp'n at 16.]

10     The Court determines the reasonableness of the hourly
11 rates by "considering the experience, skill and
12 reputation of the attorney requesting fees." Schwarz v.
13 Sec'y of Health & Human Servs., 73 F.3d 895, 908 (9th
14 Cir. 1995) (citations and internal quotations omitted).
15 The Court's determination is "guided by the rate
16 prevailing in the community for similar work performed by
17 attorneys of comparable skill, experience, and
18 reputation." Id. (citations and internal quotations
19 omitted). Furthermore, in setting a reasonable hourly
20 rate, the Court may consider the Kerr factors, including
21 "the novelty and difficulty of the issues involved in a
22 case, [and] the skill required to litigate those
23 issues...." Davis v. City and County of San Francisco,
24 976 F.2d 1536, 1546 (9th Cir. 1992), vacated on other
25 grounds, 984 F.3d 345 (1993); see also McGrath, 67 F.3d
26 at 252.
27 ///

Plaintiffs' counsel, Bradley Gage, declares that his customary rate is between $300 and $450 per hour. [Declaration of Bradley Gage ("Gage Decl.") ¶ 8.] He was admitted to the bar in 1985 and has been a partner in a law firm for 14 years. [Gage Decl. ¶ 15.] He also submitted a 2001 survey of standard hourly billing rates in the Los Angeles-Long Beach Metropolitan Area, showing that lawyers practicing, as he has, for 16 to 20 years have an average hourly billing rate of $276, and that equity partners or shareholders have an average hourly billing rate of $326. [Pls.' Reply Ex. T.] Thus, the hourly rate sought by Plaintiffs' counsel is somewhat above average for a partner with his years of experience. Plaintiffs' counsel has submitted various other materials, showing his expertise and experience, including seminars and programs at which he has taught or presented, and his success in various other civil rights lawsuits of some note.

This case required specialized skill in the area of federal and state civil rights and employment law. The skill required to handle properly this Title VII and FEHA case is comparable to that required to handle the type of civil business litigation usually performed at the major law firms in the Southern California area.

The Court finds the rates charged by Plaintiffs' counsel, set forth above, are reasonable in light of the

factors enunciated by the <u>Kerr</u> court, particularly the issues presented by the case, the special skill and experience of counsel, and the results obtained. The Court also has considered the evidence proffered by Defendants from James P. Schratz, but is not persuaded by Mr. Schratz's analysis regarding the reasonable hourly rates for work performed by Plaintiffs' counsel.

**B.   The Reasonable Number of Hours Expended**

In determining the fee amount, the Court cannot rely simply on the summary of hours spent on a case submitted by the party seeking a fee. <u>Gracie v. Gracie</u>, 217 F.3d 1060, 1070 (9th Cir. 2000). Instead, the Court must analyze the "time records actually presented" by the prevailing parties to determine the reasonableness of the hours and rates tendered. <u>Id.</u> In its analysis, the Court has considered, among other factors, the time and labor required to prevail in this case, the novelty and difficulty of the issues, the amount involved, and the results obtained.

This case did not involve any particularly novel or difficult issues for attorneys versed in this specialized area of the law. The amount of the jury's verdict was neither insubstantial nor enormous by current standards, and the importance of the issues justified a full and vigorous prosecution of this case. The results obtained fully compensated Plaintiffs and vindicated their rights

under the federal and state statutes.  Moreover, to the extent the assessment of punitive damages against Ms. Swiney achieves the purpose of punitive damages, the result may have benefit to society beyond the limits of this case.

The Court has reviewed and analyzed every billing entry submitted by Plaintiffs in support of their fee request.  After doing so, the Court finds it appropriate to reduce the fees requested by Plaintiffs.  Specifically, the Court deletes fees for:  (1) time spent on irrelevant issues or tasks upon which excessive time was spent, (2) other unnecessary, excessive or duplicative entries, (3) time charged for clerical or secretarial work, and (4) time spent on issues upon which Plaintiffs did not prevail.

### 1. Excessive time, unsuccessful motions, irrelevant issues

The fees sought by Plaintiffs include the time spent on motions to compel discovery -- motions which were untimely brought and were denied.  The Court finds that the hours spent and fees incurred for these unsuccessful discovery motions are unreasonable.  Accordingly, the Court has disallowed fees for such time.

Plaintiffs also include hours spent on motions in limine.  Although Plaintiffs' motions in limine were

denied, the time spent on them was reasonable in light of the need to alert the Court to potential evidentiary disputes. Therefore, the Court has not deleted fees relating to Plaintiffs' in limine motions, except to the extent it determined that excessive time was spent in preparing them.

On the other hand, in scrutinizing all the time entries, the Court noted numerous examples of duplicative or excessive hours. These include:

- multiple entries for reviewing and "organizing" the file,
- preparing trial exhibits and notebooks, and preparing and revising various pretrial documents and motions,
- entries for entirely unrelated work,[3]
- excessive amounts billed for trial preparation.

The Court has disallowed fees for such time it found to be unnecessary or duplicative.

### 2. Consultation with other legal professionals

Plaintiffs' fee request includes $30,000.00 for the services of the Hon. Burton Katz, retired Judge of the California Superior Court, who accompanied Plaintiffs' trial counsel to the mediation sessions and also attended the first day of trial. It also seeks reimbursement for

---

[3] For example, the entry in Ms. Bilal's timesheet for February 24, 2002 refers to work done on opposition to a demurrer. [Pls.' Mot. Ex. 13.]

13

fees incurred by Mr. Gage to consult with Steven Love, another lawyer, and fees for certain tasks performed by Terry Goldberg, Mr. Gage's law partner. The Court finds the fees billed by Hon. Burton Katz and Steven Love are unnecessarily duplicative of the fees incurred for work done by Bradley Gage, particularly given the latter's stated hourly rate based on his experience and expertise. As noted above, Mr. Gage's hourly rate is above average for a lawyer practicing in this locality with his years of experience; it is unreasonable for such fees to be increased by consultation with other practitioners.

Furthermore, although the entries for the tasks performed by Mr. Goldberg were heavily redacted, it appears that his time was spent primarily on matters found inadmissible at trial, i.e., the details of Swiney's divorce proceedings.

Plaintiffs also sought fees for a law clerk who attended trial with Mr. Gage. This case was not overly complex; it involved two plaintiffs with a limited number of claims. Experienced trial counsel could be expected to try the case without the full-time assistance of a law clerk. The Court is not persuaded by counsel's argument at the hearing on this Motion that the presence of two lawyers at the defense's counsel table during trial renders reasonable the fees for a law clerk to assist Plaintiffs' counsel.

### 3. Secretarial and clerical fees

Plaintiffs seek $7,380.00 for fees for secretarial and clerical staff. Although time sheets supporting this request are submitted, no declarations authenticating them from the persons billing the time have been submitted.

Such items are subsumed in the overhead costs for attorneys fees; once again, the Court notes that the hourly rate charged by Mr. Gage is above average and nothing in the amounts sought for secretarial and administrative tasks indicate that they are of such an extraordinary or unusual nature as to be separately reimbursable in the category of attorneys' fees. See Sousa v. Miguel, 32 F.3d 1370, 1375 (9th Cir. 1994) (secretarial, stenographic, clerical and routine messenger services are overhead expenses not compensable in attorneys' fee application); In re Media Vision Tech. Sec. Litig., 913 F.Supp. 1362, 1371-72 (N.D. Cal. 1996) (secretarial and word processing expenses not properly awarded as attorneys' fees because they "should be absorbed by counsel as part of the cost incurred in operating a legal practice").

///
///
///
///
///

### 4. Time spent on claims on which Plaintiffs did not prevail

Defendants urge the Court to reduce the attorneys' fees award because Plaintiffs did not prevail on all of their claims. [Defs.' Opp'n at 19.]

Where a plaintiff's claims for relief involve a common core of facts which cannot be divided into hours expended on a claim-by-claim basis, we must focus on the significance of the overall relief obtained in relation to the hours expended on the litigation. Hensley, 461 U.S. at 435. Normally, if Plaintiffs obtained excellent results, counsel should recover a fully compensatory fee. Id. In those circumstances, the fee award should not be reduced simply because Plaintiffs failed to prevail on every contention raised in the action. Id. But where Plaintiffs achieved only limited or partial success, the full lodestar amount may be excessive. Id. at 436. The key analysis is whether the level of success achieved justified the amount of time expended. Id. at 435-37.

#### a. Plaintiff Wooley

Plaintiff Wooley prevailed on all claims he submitted to the jury. Although one of the pendent state law claims on which he prevailed, for intentional infliction of emotional distress, does not entitle him to an award under the fee-shifting provisions of either Title VII or FEHA, no reduction of his fee award is appropriate on

that basis.  Because of the relatedness of this claim to those that were successfully tried to the jury, it is not possible to eliminate specific hours claimed, nor does it appear that anything other than minimal additional hours were spent pretrial or during trial to prosecute the emotional distress claim.

Furthermore, although some individual defendants were dismissed early in the litigation from some of the claims asserted, either by stipulation of the parties or by virtue of the Court's ruling on Defendants' Motion to Dismiss under Rule 12(b)(6), this narrowing of the case did not affect the work done by Plaintiffs' counsel to warrant a reduction in the fee award as to Plaintiff Wooley.

### b.   Plaintiff Edwards

On the claims ultimately submitted to the jury, Plaintiff Edwards did not prevail on her claims for intentional infliction of emotional distress, battery, and retaliation.  Two of Plaintiff Edwards' claims did not survive to be submitted to the jury -- her Title VII sexual harassment claims -- as they were decided in Defendant Jack in the Box's favor on its Rule 50(a) motion.  Furthermore, the Court entered judgment against her under Rule 50(b) on her FEHA discrimination claim against Jack in the Box, her hostile work environment

claim against Defendant Karen, and her punitive damages award against Defendant Karen.

In light of the limited success on Plaintiff Edwards' claims, a reduction of the lodestar amount is appropriate. It is not possible to isolate the hours spent and fees incurred on each of the unsuccessful claims, however. After considering the relatedness of the successful and unsuccessful claims, as well as the level of success achieved in light of the hours expended, the Court finds it appropriate to reduce the amount of the total fees incurred on behalf of Plaintiff Edwards by one-quarter, or 25%.

### D. The Lodestar Amount

Accordingly, the Court has performed the following calculations to arrive at the lodestar amount of attorneys' fees: From $294,317.50, the amount of fees submitted for work performed through trial, the Court has disallowed $130,045.00 for the reasons stated in the body of this Memorandum Opinion, resulting in an amount of $164,272.50. Based on its review of all the time sheets submitted in support of the Motion, it appears that the fees are evenly distributed between the two Plaintiffs. Of the amount thus attributable to Plaintiff Edwards, or $82,136.25, the Court has deducted $20,534.06 (25%), for the reasons set forth in Section III.C.4.b, above. This results in a subtotal for both Plaintiffs of $143,738.44.

To this, the Court has added the sum of $16,555.00 for reasonable fees for work done on the post-trial motions,[4] to reach the "presumptively reasonable" lodestar amount of $160,293.44 for the entire matter. See D'Emanuele v. Montgomery Ward & Co., 904 F.2d 1379, 1383 (9th Cir. 1990).

### C. The Requested Multiplier

Relying on Kerr, Plaintiffs ask the Court to double their fee award, arguing the multiplier is justified because of "the novelty and difficulty of the questions involved and the skill displayed in presenting them," the preclusion of other employment because of the nature of the litigation, and the contingent nature of the fee award, i.e., the risk undertaken by counsel. [Pls.' Mot. at 10.]

After considering all relevant Kerr factors, the Court finds that there is no need to adjust the lodestar figure in this case. See D'Emanuele, 904 F.2d at 1383

---

[4] The request for post-trial motion fees contains a discrepancy. The Reply summarily states Mr. Gage billed 80 hours on the post-trial motions, and seeks $28,000 in fees (multiplied by two). [Pls.' Reply at 17.] The billing sheets attached to the Reply, however, reflect time entries totaling 116.2 hours. [Pls.' Reply Ex. R.] (The declaration attached to the Reply contains no such statement.) The Court has carefully reviewed each billing entry and deleted fees for unnecessary, excessive, or duplicative time. The Court finds that 47.3 hours of Mr. Gage's time was reasonably spent on the post-trial motions, thus awarding him $16,555.00.

(finding <u>Kerr</u> adjustments are exception rather than rule since lodestar amount presumed to be reasonable fee).

This case was not particularly difficult or complex. It presented a limited number of claims on behalf of two plaintiffs, and involved a limited amount of discovery, one motion to dismiss, and a defense summary judgment motion which was successfully opposed by Plaintiffs solely on the ground of untimeliness. The case was tried to a jury in six trial days.

A case of this nature, with confined discovery and limited pretrial proceedings, and a short trial, should not have had the effect of precluding experienced civil rights counsel from accepting other employment to any significant degree. Neither does the other <u>Kerr</u> factor cited by Plaintiffs' counsel, the risk involved in taking on this matter, justify overcoming the presumption that the lodestar amount is a reasonable one for the work done and the results achieved.

**IT IS SO ORDERED.**

Dated: June 21, 2002

VIRGINIA A. PHILLIPS
United States District Judge