Priority ✗
Send ✗
Enter ✗
Closed ✗
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

FILED
CLERK, U S DISTRICT COURT
JUN 21 2002
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION    BY DEPUTY

ENTERED
JUN 24 2002
CLERK, U S DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE WOOLEY and ROCHELLE EDWARDS, <br><br> Plaintiffs, <br><br> v. <br><br> JACK IN THE BOX RESTAURANTS, FOODMAKER INC.; KEN KAREN; TERI SWINEY, RONALD ATKINSON; AND DOES 1-100, <br><br> Defendants | Case No. EDCV 01-00189-VAP(SGLx) <br><br> **AMENDED FINAL JUDGMENT** |

This action came on regularly for trial on March 26, 2002 Plaintiffs Steve Wooley ("Wooley") and Rochelle Edwards ("Edwards") appeared in Court through their attorney of record, Bradley C Gage. Defendants Jack in the Box, Inc., Foodmaker Inc., Ken Karen, Teri Swiney and Ronald Atkinson appeared in Court through their counsel of record, Dave Carothers

//
//
//

ENTER ON ICMS
JUN 21 2002

JUN 21 2002

(190)

A jury of eight persons was impaneled and sworn. Witnesses were sworn and testified. After hearing the evidence and arguments of counsel, the jury was duly instructed by the Court and the cause was submitted to the jury with directions to return a special verdict. The jury deliberated and on April 5, 2002, returned into the Courtroom with a special verdict, which was filed with the clerk and entered upon the minutes. The special verdict as to Plaintiff Wooley was as follows:

**QUESTION NO. 1:**

Did Plaintiff Steve Wooley prove, by a preponderance of the evidence, that Defendant Jack in the Box violated Title VII of the U.S. Civil Rights Act by engaging in Racial Discrimination against Plaintiff Steve Wooley?

Answer:                                                            Yes        No

    Defendant Jack in the Box Restaurants, Inc   __x__      _____

**QUESTION NO. 2:**

Was such violation a cause of injury or damage to Plaintiff Steve Wooley?

Answer:        Yes         No

        __x__       _____

**QUESTION NO. 3:**

If you answered "Yes" to Question Nos. 1 and 2, state the total amount of damages that you award Plaintiff Steve Wooley for the Racial Discrimination in violation of Title VII of the U.S. Civil Rights Act.

Answer:

    Defendant Jack in the Box Restaurants, Inc.   $100,000

**QUESTION NO. 4:**

Did Plaintiff Steve Wooley prove, by a preponderance of the evidence, that Defendant Jack in the Box violated the California Fair Employment and Housing Act by engaging in Racial Discrimination against Plaintiff Steve Wooley?

Answer:                                        Yes      No

    Defendant Jack in the Box Restaurants, Inc.   x

**QUESTION NO. 5:**

Did Plaintiff Steve Wooley prove, by a preponderance of the evidence, that any Defendants listed below violated the California Fair Employment and Housing Act by creating a Hostile Work Environment for Plaintiff Steve Wooley?

Answer:                                        Yes      No

    Defendant Jack in the Box Restaurants, Inc.   x

    Defendant Ken Karen                       x

    Defendant Teri Swiney                   x

**QUESTION NO. 6:**

Did Plaintiff Steve Wooley prove, by a preponderance of the evidence, that any defendants listed below violated the California Fair Employment and Housing Act by engaging in retaliation against Plaintiff Steve Wooley?

//

3

| | | Yes | No |
|---|---|---|---|
| 1 | Answer: | | |
| 2 | Defendant Jack in the Box Restaurants, Inc. | _x_ | ___ |
| 3 | Defendant Ken Karen | _x_ | ___ |
| 4 | Defendant Teri Swiney | _x_ | ___ |

**QUESTION NO. 7:**

Did Plaintiff Steve Wooley prove, by a preponderance of the evidence, that any Defendants listed below intentionally caused the infliction of emotional distress to Plaintiff Steve Wooley?

| | | Yes | No |
|---|---|---|---|
| 11 | Answer: | | |
| 12 | Defendant Jack in the Box Restaurants, Inc. | _x_ | ___ |
| 13 | Defendant Ken Karen | _x_ | ___ |
| 14 | Defendant Teri Swiney | _x_ | ___ |

**QUESTION NO. 8:**

As to any defendant to which you answered "Yes" to Questions 4, 5, 6, or 7, was such conduct a cause of injury or damage to Plaintiff Steve Wooley, in addition to any damages awarded in response to Question No. 3?

| | | Yes | No |
|---|---|---|---|
| 22 | Answer: | | |
| 23 | Defendant Jack in the Box Restaurants, Inc. | _X_ | ___ |
| 24 | Defendant Ken Karen | _X_ | ___ |
| 25 | Defendant Teri Swiney | _X_ | ___ |

//
//
//

**QUESTION NO. 9:**

As to any Defendant to which you answered "Yes" to Question No. 8, state the amount of damages that you award Plaintiff Steve Wooley (in addition to the damages, if any, awarded in response to Question No. 3).

| | |
|---|---|
| Defendant Jack in the Box Restaurants, Inc. | $ 50,000 |
| Defendant Ken Karen | $ 30,000 |
| Defendant Teri Swiney | $ 15,000 |

**QUESTION NO. 10:**

Do you find by clear and convincing evidence that any of the Defendants listed below committed malice, fraud, or oppression, in the conduct upon which you base your finding of liability in any of the above questions to Plaintiff Steve Wooley?

| Answer: | Yes | No |
|---|---|---|
| Defendant Ken Karen | X | |
| Defendant Teri Swiney | X | |

Date: _____                    Sharon Bazarko
                                          Foreperson

By reason of this special verdict, Plaintiff Wooley is entitled to judgment against Defendant Jack in the Box, Inc in the amount of $150,000, Defendant Ken Karen in the amount of $30,000, and Defendant Teri Swiney in the amount of $15,000.

//
//

5

1    The special verdict as to Plaintiff Edwards was as follows:

3    **QUESTION NO. 1:**

4    Did Plaintiff Rochelle Edwards prove, by a preponderance of the evidence, that Defendant Jack in the Box violated the California Fair Employment and Housing Act by engaging in Racial Discrimination against Plaintiff Rochelle Edwards?

9    Answer:                                                    Yes         No

10        Defendant Jack in the Box Restaurants, Inc.   __X__     ____

12   **QUESTION NO. 2:**

13   Did Plaintiff Rochelle Edwards prove, by a preponderance of the evidence, that any of the Defendants listed below created a Hostile Work Environment for Plaintiff Rochelle Edwards?

17   Answer·                                                    Yes         No

18        Defendant Jack in the Box Restaurants, Inc.   __X__     ____
19        Defendant Ken Karen                           __X__     ____
20        Defendant Teri Swiney                         __X__     ____
21        Defendant Ronald Atkinson                     ____      __X__

23   **QUESTION NO. 3:**

24   Did Plaintiff Rochelle Edwards prove, by a preponderance of the evidence, that any of the Defendants listed below engaged in retaliation against Plaintiff Rochelle Edwards?

27   //
28   //

| Answer | Yes | No |
|---|---|---|
| Defendant Jack in the Box Restaurants, Inc. | | X |
| Defendant Ken Karen | | X |
| Defendant Teri Swiney | | X |
| Defendant Ronald Atkinson | | X |

**QUESTION NO. 4:**

Did Plaintiff Rochelle Edwards prove, by a preponderance of the evidence, that any of the Defendants listed below intentionally caused the infliction of emotional distress to Plaintiff Rochelle Edwards?

| Answer: | Yes | No |
|---|---|---|
| Defendant Jack in the Box Restaurants, Inc. | | X |
| Defendant Ken Karen | | X |
| Defendant Teri Swiney | | X |
| Defendant Ronald Atkinson | | X |

**QUESTION NO. 5:**

Did Plaintiff Rochelle Edwards prove, by a preponderance of the evidence, that Defendant Ronald Atkinson committed battery upon Plaintiff Rochelle Edwards?

| Answer: | Yes | No |
|---|---|---|
| Defendant Ronald Atkinson | | X |

//
//
//

**QUESTION NO. 6:**

As to any Defendant to which you answered "Yes" to Question Nos. 1, 2, 3, 4 or 5, was such conduct a cause of injury or damage to Plaintiff Rochelle Edwards?

Answer:                                                                Yes         No

    Defendant Jack in the Box Restaurants, Inc      __X__       ____

    Defendant Ken Karen                              __X__       ____

    Defendant Teri Swiney                            __X__       ____

    Defendant Ronald Atkinson                        ____        __X__

**QUESTION NO. 7:**

As to any Defendant to which you answered "Yes" to Question No. 6, state the amount of damages that you award Plaintiff Rochelle Edwards.

Defendant Jack in the Box Restaurants, Inc.                  $20,000_____

    Defendant Ken Karen                                  $5,000_____

    Defendant Teri Swiney                                $5,000_____

    Defendant Ronald Atkinson                            $0_____

**QUESTION NO. 8:**

Do you find by clear and convincing evidence that any of the Defendants listed below committed malice, fraud, or oppression, in the conduct upon which you base your finding of liability in any of the above questions to Plaintiff Rochelle Edwards?

Answer:                                                                Yes         No

    Defendant Ken Karen                              __X__       ____

8

```
Defendant Teri Swiney                              __X__    _____
Defendant Ronald Atkinson                          _____    __X__
```

Date._____            ___Sharon Bazarko___
                                                  Foreperson

By reason of the special verdict, Plaintiff Edwards was entitled to judgment against Defendant Jack in the Box, Inc. in the amount of $20,000, Defendant Ken Karen in the amount of $5,000, and Defendant Teri Swiney in the amount of $5,000.

The second phase special verdict was as follows:

**Question No. 1**: Shall punitive damages be assessed against any of the following defendants?

Answer:

```
Ken Karen        yes __X__        no _____
Teri Swiney      yes __X__        no _____
```

**Question No. 2**. We assess punitive damages against the following named defendants as follows:

```
Ken Karen        $7,500
Teri Swiney      $2,500
```

Date:_____            ___Sharon Bazarko___
                                                  Foreperson

1     By reason of the second phase special verdict, Plaintiffs
2 Wooley and Edwards were entitled to punitive damages against
3 Defendant Ken Karen in the amount of $7,500 and against Defendant
4 Teri Swiney in the amount of $2,500.
5
6     Based on the above special verdicts, the stipulation
7 filed by Plaintiffs on June 12, 2002, in which they agreed the
8 punitive damages award should be allocated evenly between them, and
9 the Court's Order Granting in Part and Denying in Part Defendants'
10 Motions for Judgment as a Matter of Law and Denying Defendants'
11 Motion for New Trial dated June 21, 2002, **IT IS ORDERED, ADJUDGED**
12 **AND DECREED THAT**. Plaintiff Wooley have judgment against Defendant
13 Jack in the Box, Inc. in the amount of $150,000, Defendant Ken
14 Karen in the amount of $30,000, and Defendant Teri Swiney in the
15 amount of $15,000; Plaintiff Edwards have judgment against
16 Defendant Jack in the Box, Inc in the amount of $20,000 and
17 Defendant Teri Swiney in the amount of $5,000; Plaintiff Wooley is
18 entitled to punitive damages against Defendant Ken Karen in the
19 amount of $3,750 and against Defendant Teri Swiney in the amount of
20 $1,250; Plaintiff Edwards is entitled to punitive damages against
21 Defendant Teri Swiney in the amount of $1,250.
22
23     AND, that Plaintiffs recover costs taxed in the sum of
24 $_____
25 //
26 //
27 //
28 //

10

1  AND, that Plaintiffs recover attorney fees in the amount of
2  $160,293.44, as determined by the Court in its Order issued
3  concurrently herewith

4
5  Dated: June 21, 2002

                                            VIRGINIA A. PHILLIPS
                                            United States District Judge